1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTHER ARANDA,                      Case No.   2:19-cv-02567-JDP (SS)

12              Plaintiff,               ORDER GRANTING CLAIMANT'S
                                         MOTION FOR SUMMARY JUDGMENT
13       v.
                                         ECF No. 15
14   COMMISSIONER OF SOCIAL
     SECURITY,                           ORDER DENYING DEFENDANT'S
15                                       CROSS-MOTION FOR SUMMARY
              Defendant.                 JUDGMENT
16
                                         ECF No. 16
17

18          Aranda ("claimant") challenges the final decision of the Commissioner of Social Security

19   ("Commissioner") denying her application for disability insurance benefits.  ECF No. 1.  The case

20   is submitted on claimant's motion for summary judgment, ECF No. 15, to which the

21   Commissioner filed an opposition and cross-motion for summary judgment, ECF No. 16.  The

22   matter is ripe for review, and this court now grants claimant's motion for summary judgment and

23   denies the Commissioner's cross-motion for summary judgment.[1]

24   **I.       STANDARD OF REVIEW**

25          On appeal, this court examines whether substantial evidence supports the factual findings

26   of the administrative law judge ("ALJ") and whether the ALJ applied the correct legal standards.

27

28          [1] Both parties have consented to magistrate judge jurisdiction.  ECF Nos. 7, 8.

1   *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g).

2   "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such

3   relevant evidence as a reasonable person might accept as adequate to support a conclusion."

4   *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  The court reviews only the reasons

5   provided by the ALJ in the disability determination and may not affirm based on a ground upon

6   which the ALJ did not rely.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

7        A motion for summary judgment may be granted only when the there is no genuine issue

8   of material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P.

9   56.  The burden of establishing that there is no genuine issue of material fact lies with the

10  moving party.  *See Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Nissan Fire &*

11  *Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).  Once the moving party

12  has met that burden by "presenting evidence which, if uncontradicted, would entitle it to a

13  directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of

14  presenting specific facts showing that such contradiction is possible."  *British Airways Bd. v.*

15  *Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978); *see also Nissan*, 210 F.3d at 1102-03.

16  **II.    BACKGROUND**

17       Claimant applied for disability insurance benefits on November 16, 2017, alleging

18  disability since February 29, 2016.  AR 493.  In her disability report, claimant stated that her

19  ability to work is limited by arthritis, diabetes, and sciatic nerve pain.  AR 493.  She reported that

20  she stopped working on February 29, 2016, due to her medical conditions.  AR 493.  At the time

21  of her application, claimant reported that she had been prescribed atorvastatin for high

22  cholesterol, epidural shots for pain, metformin for diabetes, and steroid injections for numbness in

23  her left leg.  AR 495.  Claimant is a high school graduate and has past relevant work experience at

24  a mail carrier.  AR 494.

25       Claimant's application was denied both initially and upon reconsideration.  AR 397-407.

26  Claimant then requested a hearing before an ALJ.  AR 408-09.  At the hearing on October 16,

27  2018, claimant and a vocational expert both testified.  AR 346-72.  Claimant was not represented

28  at the hearing.  AR 348-49.  On December 4, 2018, the ALJ issued a decision finding that

1    claimant could perform past relevant work as a mail carrier and was not disabled.  AR 26.

2         On February 7, 2019, claimant received an MRI and x-rays of her lumbar spine.  *See* AR

3    128, 132, 297, 327.  This was the first MRI scan of her spine since 2015.  *See* AR 20, 757.  As per

4    her treating physician, Edgar Hse-Hwa Han, D.O., the x-ray showed: "grade 1 anterolisthesis of

5    L4 [and] L5"; "facet arthropathy of the lower lumbar spine"; and "scattered aortic atherosclerotic

6    calcifications."  AR 327.  The MRI showed "[g]rade 1 anterolisthesis of L4 and L5 with

7    uncovering of a broad-based disc bulge and severe bilateral facet arthropathy," "narrowing of the

8    central canal with moderate right neuroforaminal stenosis," and "[s]evere left greater than right

9    facet arthropathy at L5-S1."  AR 332.  As a result of the MRI and x-rays, Dr. Han suggested

10   referring claimant to a spinal surgeon to see if she would be a good candidate for lower back

11   surgery.  AR 128.

12        Claimant requested a review of the ALJ's decision and submitted to the Appeals Council

13   medical records from her 2019 MRI and x-rays, along with email communications between

14   claimant and Dr. Han regarding the findings.  *See* AR 2, 471.  The Appeals Council ruled that this

15   new evidence "does not relate to the period at issue" since the records were dated after the ALJ's

16   decision on December 4, 2018.  AR 2.  The Appeals Council denied claimant's request for

17   review.  AR 1-6.  Claimant now seeks judicial review under 42 U.S.C. § 405(g).

18   **III.    ANALYSIS**

19        An ALJ determines eligibility for Social Security benefits in a five-step sequential

20   evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity;

21   (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies

22   as severe; (3) whether any of the claimant's impairments meet or exceed the severity of one of the

23   impairments listed in the regulations; (4) whether the claimant can perform her past relevant

24   work; and (5) whether the claimant can perform other specified types of work.  *See Barnes v.*

25   *Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920.  The burden of proof is on

26   the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth

27   step.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f)*; see also Bustamante v. Massanari*, 262 F.3d 949,

28   953-54 (9th Cir. 2001).

1      At step one, the ALJ found that claimant had not engaged in substantial gainful activity

2  since March 20, 2016.  AR 18.  At step two, the ALJ found that claimant had the severe

3  impairments of degenerative disc disease and osteoarthritis of the knee.  AR 18.  The ALJ further

4  found that claimant had the non-severe impairments of diabetes mellitus with associated

5  peripheral neuropathy, a history of breast cancer, obesity, anemia, and tendinitis of the right

6  shoulder.  AR 18-19.  At step three, the ALJ found that claimant did not have an impairment or

7  combination of impairments that met or exceeded the severity of the listed impairments.  AR 19.

8  Before proceeding to step four, the ALJ determined that claimant had the residual functional

9  capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c), "except she is

10  precluded from climbing ladders, ropes, and scaffolds and crawling, and could occasionally

11  balancing, stooping, kneeling, crouching, and climbing of ramps and stairs," and "[s]he is

12  precluded from work around hazards, including dangerous moving machinery and unprotected

13  heights."  AR 19.  At step four, the ALJ found that claimant could perform past relevant work as

14  a mail carrier.  AR 26.  Therefore, the ALJ concluded that claimant had not been under a

15  disability from March 20, 2016, to the date of the decision.  AR 22.

16      In her motion for summary judgment, claimant argues: (1) that the ALJ improperly

17  discounted claimant's subjective symptoms, ECF No. 15 at 7-12; and (2) that the ALJ erred by

18  failing to remand the matter for further consideration in light of new evidence documenting

19  claimant's continuing spinal degeneration, *id.* at 12-14.  In the Commissioner's opposition and

20  cross-motion for summary judgment, the Commissioner argues: (1) that the ALJ properly

21  evaluated claimant's subjective symptoms, ECF No. 16 at 7-14; and (2) that the new evidence

22  does not warrant remand since it does not relate to the time period in question and would more

23  appropriately be submitted as part of a new disability claim, *id.* at 19-20.

24      **A.  New Evidence**

25      "If new and material evidence is submitted, the Appeals Council shall consider the

26  additional evidence only where it relates to the period on or before the date of the administrative

27  law judge hearing decision."  20 C.F.R. § 404.970(b); *see also Brewes v. Comm'r, Soc. Sec.*

28  *Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("The Commissioner's regulations permit claimants

1  to submit new and material evidence to the Appeals Council and require the Council to consider

2  that evidence in determining whether to review the ALJ's decision, so long as the evidence relates

3  to the period on or before the ALJ's decision.").  While this court lacks jurisdiction to review

4  whether the Appeals Council erred in its decision, the court may consider new evidence relating

5  to the relevant time period before the ALJ's decision, in order "to determine whether, in light of

6  the record as a whole, the ALJ's decision was supported by substantial evidence and was free of

7  legal error."  *Taylor v. Comm'r, Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing

8  *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

9          That claimant's MRI and x-rays were conducted after the ALJ's decision is not

10  dispositive; and this court must consider new records that relate back to the time period at issue.

11  *See, e.g.*, *Taylor*, 569 F.3d at 1232-33 (holding that a psychiatric evaluation occurring after an

12  ALJ's decision, but concerning a claimant's mental health since his alleged onset date, "related to

13  the period before" the ALJ's decision and "should have been considered"); *Edgecomb v.*

14  *Berryhill*, 741 F. App'x 390, 393 (9th Cir. 2018) ("The Appeals Council stated that the letter 'is

15  about a later time,' but did not explain its conclusion beyond noting that the letter was dated

16  February 2, 2015, and that the relevant period ended September 20, 2013.  We must conduct our

17  own review of the letter to determine if it relates to the relevant time period."); *Ward v. Colvin*,

18  No. 2:13-CV-1390-EFB, 2014 WL 4925274, at *3 (E.D. Cal. Sept. 30, 2014) ("[T]he Ninth

19  Circuit has held that medical evaluations made after the relevant time period—in this case the

20  date of the ALJ's decision—are relevant where they concern the claimant's condition during the

21  time period at issue.").

22          The Commissioner argues that claimant's 2019 MRI and x-rays were immaterial based

23  both on their date and because, in the Commissioner's view, they established only that claimant

24  was a candidate for surgery, not that she required it.  *See* ECF No. 16 at 20; *see also Elsey v. Saul*,

25  782 F. App'x. 636, 637 (9th Cir. 2019) ("Finally, the new evidence presented to the Appeals

26  Council, does not undermine the substantial evidence in favor of the ALJ's determination.  In

27  contrast to Elsey's claims, the evidence does not demonstrate that Elsey required surgery, but

28  rather that he was a candidate for surgery.").  While the 2019 records document the state of

claimant's condition roughly two months after the ALJ's decision, their relevance is not limited to that two-month timeframe.  Since claimant suffers from a degenerative condition and did not have an MRI or x-rays since 2015, the 2019 records relate primarily to the time between 2015 and the date of the ALJ's decision.  *See* AR 128, 327-32.  To conclude that the records document changes to claimant's condition only during the two months following the ALJ's decision would require that this court ignore the degenerative nature of her condition.  Since the new records relate to the relevant time period, the records should now be considered regardless of whether claimant required surgery.  *See, e.g.*, *Hernandez v. Berryhill*, No. 1:17-CV-00483-SKO, 2018 WL 2021021, at *6 (E.D. Cal. May 1, 2018) ("As already discussed, Dr. Graham's report was new, material, and relevant to the time period at issue before ALJ; thus, the Appeals Council was required to consider it.").

Since the 2019 records relate to the relevant time period, this court must determine whether the ALJ's decision retains support in substantial evidence, with the 2019 evidence included into the record as a whole.  *See Taylor*, 659 F.3d at 1232.  Based on the evidence available at the time of the ALJ's decision, the ALJ determined that claimant had documented musculoskeletal impairments, particularly "severe spinal canal stenosis at L4-L5 and moderate canal stenosis at the L3-L4 level."  AR 20.  However, the "[o]verall findings" of the 2019 MRI showed "severe narrowing of the central canal," a more limiting and painful condition than that presented to the ALJ.  *See* AR 332.  Additionally, while the ALJ considered the medical records that documented claimant's "somewhat reduced spinal range of motion and tenderness in her spine," claimant's MRI further established "[g]rade 1 anterolisthesis of L4 and L5 with uncovering of a broad-based disc bulge and severe bilateral facet arthropathy."  AR 20, 332.

The 2019 evidence particularly relates to the ALJ's reasons for discounting claimant's subjective symptoms.  The ALJ found that claimant's severe impairments could reasonably be expected to cause claimant's alleged symptoms, but that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  AR 20.  The ALJ based this conclusion on claimant's medical records, level of activity, and "conservative level of treatment" that the ALJ

1  noted "do not entirely support the claimant's allegations of disabling symptoms." AR 20.

2  However, the new evidence corroborated claimant's subjective symptoms by documenting a more

3  severe and painful condition than the one found by the ALJ based on then-existing records. *See*

4  AR 327-32. Additionally, Dr. Han's referral of claimant to a spinal surgeon directly undermines

5  the ALJ's reasoning regarding claimant's "conservative level of treatment." *See* AR 20, 128. As

6  to claimant's daily activities, the ALJ noted that "claimant has reported activities including the

7  ability to independently provide for her personal care, prepare quick meals, perform some

8  housework, such as making the bed, shop in stores, and drive." AR 20. However, these daily

9  activities do not themselves provide substantial evidence for the ALJ's findings, since none of the

10  noted activities involve "lifting and carrying 50 pounds occasionally and 25 pounds frequently,"

11  "standing and/or walking six hours" in an eight-hour day, or "stooping, kneeling, crouching, and

12  climbing." *See* AR 19-21.

13  Overall, considering the record as a whole, including claimant's 2019 MRI and x-rays, the

14  ALJ's conclusions about the extent of claimant's limitations, the degree of resulting pain, and the

15  credibility of claimant's subjective symptoms are no longer supported by substantial evidence.

16  Remand is therefore in order.

17  **IV.   CONCLUSION AND ORDER**

18  The court need not reach claimant's other issue. For the reasons stated in this opinion, the

19  court remands this case for further consideration by the Social Security Administration. The

20  court hereby orders that:

21  1.  Claimant's motion for summary judgment, ECF No. 15, be granted;

22  2.  the Commissioner's cross-motion for summary judgment, ECF No. 16, be denied;

23  3.  the decision of the Commissioner of Social Security be reversed, and the case

24  remanded for further proceedings; and

25  4.  the clerk of this court enter judgment in favor of claimant Esther Aranda and against

26  defendant Commissioner of Social Security, and close this case.

27

28

IT IS SO ORDERED.

Dated:    January 11, 2021    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE